562 F.2d 38
 95 L.R.R.M. (BNA) 3011, 82 Lab.Cas. P 10,001
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
National Labor Relations Board, Petitioner
v.
Local 259, United Automobile, Aerospace, and Agricultural
Implement Workers of America, Respondent.
 No. 77-4019.
 United States Court of Appeals, Second Circuit.
 June 3, 1977.
 
 1
 Before ANDERSON and MANSFIELD, Circuit Judges, BRIEANT, District Judge.[1]
 
 
 2
 MANSFIELD, C.J.
 
 
 3
 This cause came on to be heard upon the application of the National Labor Relations Board for the enforcement of a certain order issued by it against the Respondent, Local 259, United Automobile, Aerospace, and Agricultural Implement Workers of America, New York, New York, its officers, agents, and representatives on June 30, 1976. The Court heard argument of respective counsel on June 3, 1977, has considered the briefs and transcript of record filed in this cause and at the conclusion of oral argument, handed down its decision enforcing the Board's Order, as modified. In conformity therewith, it is hereby
 
 
 4
 Ordered and Adjudged by the Court that the Respondent, Local 259, United Automobile, Aerospace, and Agricultural Implement Workers of America, New York, New York, its officers, agents, and representatives, shall:
 
 1. Cease and desist from:
 
 5
 (a) Demanding of Atherton Cadillac, Inc., the discharge of Anthony Dazzo and conditioning the grant of concessions in bargaining upon compliance with said demand.
 
 
 6
 (b) In any like or related manner, restraining or coercing the aforesaid Employer in the selection of its representatives for purposes of collective bargaining or the adjustment of grievances.
 
 
 7
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 8
 (a) Send a written notice to Anthony Dazzo, with a copy to the Employer, stating that it has no objection to his employment or selection as a representative for the purposes of collective bargaining or the adjustment of grievances by the Employer and that it will not question his reemployment or reinstatement.
 
 
 9
 (b) Make Anthony Dazzo whole for any loss of earnings suffered by reason of its unlawful conduct in the manner provided in the section of the Board's Decision entitled "The Remedy."
 
 
 10
 (c) Post at its offices at New York, New York, copies of the attached notice marked "Appendix." Copies of said notice on forms provided by the Regional Director for Region 29 (of the National Labor Relations Board, Brooklyn, New York) after being duly signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt thereof, and be maintained by Respondent for 60 consecutive days thereafter, in conspicuous places, including all places where notices to members are customarily posted. Reasonable steps shall be taken by Respondent to insure that said notices are not altered, defaced, or covered by any other material.
 
 
 11
 (d) Sign and deliver sufficient copies of said notice to the Regional Director for Region 29 for posting by Atherton Cadillac, Inc., at all locations where notices to its employees are customarily posted, if said Employer is willing to so post.
 
 
 12
 (e) Notify the aforesaid Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply herewith.
 
 
 13
 It is further Ordered that costs shall be taxed against the Respondent.
 
 
 
 [1]
 Sitting by designation